# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

JOSHUA SILVERMAN,

    Plaintiff,

                                                    CASE NO.:

v.

                                                   DIVISION:

G4S SECURE SOLUTIONS (USA) INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA SILVERMAN, by and through undersigned counsel, brings this action against Defendant, G4S SECURE SOLUTIONS (USA) INC., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. Venue is proper in Lee County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Saratoga County, New York.

4. Defendant operates a security company in Fort Myers, in County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## FACTS

11. Plaintiff began working for Defendant on February 7, 2019 as a security officer, and he worked in this capacity until February 18, 2019.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

13. Plaintiff suffers from a disability that qualifies as a handicap under the FCRA, and as such, is a member of a protected class under the FCRA.

14. Plaintiff continues to suffer from the aforementioned physical or mental condition.

15. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

16. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

17. On or about February 7, 2019, Plaintiff notified Defendant of his condition.

2

18. On or about February 17, 2019, Plaintiff requested an accommodation from Defendant for his condition. Specifically, Plaintiff notified his supervisor of his disability and requested assistance in the event his disability flared up.

19. Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

20. In response to Plaintiff's request for a reasonable accommodation, the supervisor told Plaintiff "You're too much of a liability" and sent Plaintiff home.

21. On or about February 18, 2019, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

22. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

23. On or about February 18, 2019, Defendant terminated Plaintiff's employment.

## COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. Plaintiff is a member of a protected class under the ADA.

26. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

27. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

4

29. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

5

34. Plaintiff engaged in protected activity under the ADA by notifying Defendant of his disability and requested a reasonable accommodation.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

36. Defendant's actions were willful and done with malice.

37. The adverse employment action that Defendant took against Plaintiff was material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

6

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

### COUNT IV– FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

39.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

40.    Plaintiff is a member of a protected class under the FCRA.

41.    Plaintiff was subjected to disparate treatment on the basis of his handicap, disability, and/or perceived handicap/disability.

42.    Defendant's actions were willful and done with malice.

43.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Compensation for lost wages, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    e)    Any other compensatory damages, including emotional distress, allowable at law;

    f)    Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

44. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

45. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

46. Defendant failed to provide Plaintiff with a reasonable accommodation for his handicap, and shortly thereafter, terminated his employment.

47. Defendant's actions were willful and done with malice.

48. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issues and that this Court take jurisdiction over the case;

  c) An injunction restraining continued violation of the law enumerated herein;

  d) Compensation for lost wages, benefits, and other remuneration;

  e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  f) Compensatory damages, including emotional distress, allowable at law;

  g) Punitive damages;

  h) Prejudgment interest on all monetary recovery obtained;

  i) All costs and attorney's fees incurred in prosecuting these claims; and

  j) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. Plaintiff engaged in protected activity under the FCRA by notifying Defendant of his disability and requesting a reasonable accommodation.

52. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

53. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of his job with Defendant, and terminated his employment.

54. Defendant's actions were willful and done with malice.

55. Defendant took material adverse action against Plaintiff.

56. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising his rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

9

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of September, 2020.

Respectfully submitted,

_____
LUIS A. CABASSA
Florida Bar Number: 0053643
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
Attorneys for Plaintiff

10